UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARIA AIDE DELGADO** | **CIVIL ACTION NO. 6:12-cv-0347** |
| **FED. REG #68452-179** | |
| **VS.** | **SECTION P** |
| | **JUDGE RICHARD T. HAIK, SR.** |
| **UNITED STATES MARSHAL** | **MAGISTRATE JUDGE HILL** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Maria Aide Delgado, proceeding *in forma pauperis*, filed the instant civil action on February 3, 2012. Delgado is a federal prisoner[1] in the custody of the Bureau of Prisons ("BOP"), currently housed at the Federal Medical Center in Carswell located in Fort Worth, Texas. Delgado complains that she and her mother, Sabina Luna Valdez, were "remanded" to the custody of the United States Marshal for the February 6, 2012 trial of her brother, Antonio Luna Valdez, Jr., and thereafter returned to BOP custody on or about March 2, 2012. [*See* rec. docs. 1, 4 and 9]. While Delgado was in the Marshal's custody, she was housed at the Iberia Parish Jail ("IPJ") in New Iberia, Louisiana.

In her original handwritten pleading, filed while she was still housed at the IPJ, Delgado complained about the conditions of confinement at IPJ. More specifically, she alleged that the IPJ is unsanitary, that she received inadequate medical care for "ovary pain" and that she and her mother, Sabina Luna Valdez (who were housed together at

---

[1] Plaintiff was convicted of conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana for which she was sentenced to serve 240 months imprisonment in the custody of the Federal Bureau of Prisons. *See United States v. Maria Aide Delgado*, No. 6:06-cr-60074, rec. doc. 755.

FMC Carswell) where not placed in the same cell.

She alleged that the United States Marshal for the Western District of Louisiana was responsible for either negligently failing to correct the unwholesome conditions of the IPJ, or for negligently transferring her and her mother to the IPJ in the first instance. [rec. doc. 1]. While her original Complaint sought only injunctive relief (an Order of this Court directing the Marshal to correct the complained of conditions and circumstances she encountered at the IPJ and ordering the Marshal to house Delgado and her mother, Sabina Luna Valdez, in the same cell), by Amended Complaint, Delgado withdrew her original request for injunctive relief and, instead, requested compensatory damages from each of the defendants, including the United States Marshal for the Western District of Louisiana. [*See* rec. doc. 22].

On July 25, 2012, plaintiff filed a "Motion for Stay of the Complaint Against the United States Marshal." [rec. doc. 23]. In this Motion, Delgado sought a 12 month stay so that she could exhaust administrative remedies required by the Federal Tort Claims Act ("FTCA") with respect to her negligence claims against the United States Marshal. The Motion was denied because a stay cannot be granted when a plaintiff fails to exhaust her administrative remedies before filing an FTCA action. *See Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981); *see also United States v. Burzynski Cancer Research Institute*, 819 F.2d 1301, 1306–1307 (5th Cir. 1987) ("Because the requirement of administrative review is a jurisdictional requisite, it would not have been appropriate merely to stay the

suit until the claim could be filed . . . ."); *Cabaniss v. U.S. Dept. of Veteran Affairs,* 2000 WL 369694, *2 (E.D. La. 2000).  *See also McNeil v. United States*, 508 U.S. 106, 13 S.Ct. 1980 (1993).

In light of the procedural history set forth above, Delgado's claim under the FTCA against the United States Marshal must be dismissed as premature and for lack of subject matter jurisdiction on grounds that the plaintiff has failed to properly exhaust administrative remedies prior to filing suit.[2]

## LAW AND ANALYSIS

Absent a waiver of immunity, the United States of America is immune from suit in tort.  *United States v. Sherwood*, 312 U.S. 584 (1941).  The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*., however, provides a limited waiver of sovereign immunity of the United States for negligent or wrongful acts of governmental employees. *Brown v. United States*, 2002 WL 226333, *2 (N.D. Tex. 2002) *citing* 28 U.S.C. §2674 (2001) and *Insurance Co. of N. America v. United States Postal Service*, 675 F.2d 756, 757-758 (5th Cir. 1982).  Suit under FTCA is the exclusive remedy for tort claims arising from government agencies or employees.  *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir.

---

[2] The undersigned notes that the only proper defendant in a FTCA claim is the United States of America, not the federal agency or its employee. *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir.1988); §1346(b), §2674 and §2679(b)(1); *See also* 28 U.S.C. §2679(d)(2) ("Upon certification . . . that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim . . . shall be deemed to be an action or proceeding brought against the United States . . . and the United States shall be substituted as the party defendant.").  Accordingly, in the event that plaintiff subsequently exhausts her administrative remedies and refiles her action, she is hereby advised that the United States of America is the proper party defendant, not the United States Marshal or the United States Marshal's Service.

1988); 28 U.S.C. §1346(b), §2679(a) and (b)(1).

Under the FTCA, claimants have a statutory obligation to present their claim for money damages to the appropriate federal agency by pursuing administrative remedies prior to filing suit. 28 U.S.C. §2675(a)[3]; *Flory v. United States*, 138 F.3d 157, 159 (5th Cir. 1998). This obligation to give notice, pursue and exhaust remedies with the appropriate agency prior to bringing suit in federal court under the FTCA is jurisdictional. *Martinez v. United States*, 728 F.2d 694, 697 (5th Cir. 1984); *Cook v. United States,* 978 F.2d 164, 166 (5th Cir. 1992); *Gregory v. Mitchell*, 634 F.2d 199, 203-204 (5th Cir. 1981); *Reynolds v. United States*, 748 F.2d 291, 292-293 (5th Cir. 1984); *see also McNeil v. United States*, 508 U.S. 106, 13 S.Ct. 1980 (1993).

The United States Supreme Court affirmed dismissal of an FTCA action filed prior to the time that the complainant submitted a claim for damages to the appropriate federal agency. *McNeil v. United States*, 508 U.S. 106, 13 S.Ct. 1980 (1993). In *McNeil*, the

---

[3]Title 28 U.S.C. §2675(a) provides in pertinent part as follows:

> "An action shall not be instituted upon a claim against the United States for money damages for injury. . . or personal injury . . . caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim. . . ."

plaintiff had filed suit four months prior to the time that he submitted a claim for damages to the appropriate federal agency. While the suit was pending, the federal agency denied the administrative claim. However, the employee did not re-institute suit. The district court granted the government's motion to dismiss on grounds that it lacked jurisdiction to entertain the action because it had been "commenced before satisfaction of the administrative exhaustion requirement under § 2675(a)." *McNeil*, 113 S.Ct. at 1982.

Both the Seventh Circuit Court of Appeals and the United States Supreme Court affirmed. The Supreme Court explained that "[t]he command that an 'action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous." *Id.* at 1983. Thus, the Court was "not free to re-write the statutory text." *Id.* As of the date the complaint had been filed, "petitioner had neither presented his claim to the [Federal agency] nor had his claim been 'finally denied' by that agency." *Id*. Thus, the complaint was premature.

Moreover, although the statutory text did not speak with equal clarity as to whether the date that the plaintiff subsequently received a formal denial from the federal agency might be treated as the date the action was instituted, the Court found that construction of the statute unpersuasive. The Court reasoned that "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume defense of such actions.

Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command." *Id.* at 1984.

For these reasons, the Court held that the FTCA bars claimants from bringing suit until they have exhausted their administrative remedies. Thus, because the plaintiff failed to heed that clear statutory command, the suit was properly dismissed. *Id.*

In her Motion to Stay, plaintiff candidly admits that she did not exhaust the administrative remedies required by the FTCA prior to filing her original complaint, her amended complaints, or her motion for stay. Accordingly, because plaintiff has failed to properly exhaust administrative remedies before filing the instant action, her claim under the FTCA against the United States Marshal should be dismissed without prejudice.[4] Therefore,

**IT IS RECOMMENDED** that plaintiff's civil action against the United States Marshal under the Federal Torts Claims Act be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction based upon plaintiff's admitted failure to exhaust the administrative remedies mandated by 28 U.S.C. § 2675(a) prior to filing her civil action.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this

---

[4] *See* fn. 2, *supra.*

report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, this 19th day of October, 2012.

*signature*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent: RTH
On: 10-22-2012
By: MBD