UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARIA AIDE DELGADO** | **CIVIL ACTION NO. 6:12-cv-0347** |
| **FED. REG #68452-179** | |
| **VS.** | **SECTION P** |
| | **JUDGE RICHARD T. HAIK, SR.** |
| **UNITED STATES MARSHAL** | **MAGISTRATE JUDGE HILL** |

## MEMORANDUM ORDER

Before the Court is the proposed Third Amended Complaint submitted for filing by *pro se* plaintiff, Maria Aide Delgado. The proposed pleading consists of thirty five typed pages, styled as a Class Action lawsuit, attached to which are an additional 18 pages of exhibits, in which Ms. Delgado restates and re-characterizes her claims against Iberia Parish Sheriff Ackel, Warden Hayes and Captain Hayes of the Iberia Parish Jail ("IPJ"), which stem from Ms. Delgado's brief incarceration at the facility, when she was transferred there from a federal facility for the February 6, 2012 trial of her brother, Antonio Luna Valdez, Jr., and thereafter returned to a federal facility on or about March 2, 2012.

Ms. Delgado has been granted permission to proceed in *forma pauperis* pursuant to 28 U.S.C. § 1915(b). [rec. doc. 12]. In accordance with that provision, this Court is required to evaluate this civil rights action pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a) and to dismiss those claims which are frivolous, claims upon which no relief may be granted and claims seeking monetary relief against a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

This Court's record reveals that plaintiff has already filed an original, first and second amended complaint in this action. [*See* rec. docs. 1, 4 and 26]. Thus, the instant pleading constitutes Ms. Delgado's third compilation of her claims. Moreover, the proposed pleading is not accompanied by a Motion for Leave of Court to file the pleading.

Rule 15 of the Federal Rules of Civil Procedure provides that a party may "once as a matter of course" amend her pleadings within 21 days of service, and that in all other cases, may amend her pleading "only with . . . the court's leave." Rule 15(a), FRCP. While leave should freely be given "when justice so requires", justice does not require a third amendment in this case.

Although this lawsuit was filed over one year ago, on February 3, 2012, this Court's in *forma pauperis* review process has not yet been completed, in large part due to Ms. Delgado's continued filing of frivolous Motions and amendments to her pleadings.[1] Indeed, what began as an action against the United States Marshal (which insofar as the action arose under the FTCA was dismissed[2]), has now primarily been converted into a civil rights action against officials of the Iberia Parish Jail, in which Ms. Delgado complains about the conditions of her brief confinement.

There is an additional reason for this Court's refusing to allow Ms. Delgado to file her Third Amendment in this action. As Ms. Delgado has been repeatedly advised,

---

[1] *See e.g.* rec. docs. 13, 14, 20, 22, 23, 34, 37, 38, 40, 41, 43, 44, 45 and 46.

[2] *See* rec. doc. 33.

because she is not a lawyer, she cannot file pleadings on behalf of others, or in a representative capacity.³ *See* Title 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel"), *Gonzalez v. Wyatt*, 157 F.3d 1016, 1021-22 (5th Cir. 1998) (The statute does not permit representation by non-lawyers or unlicensed laymen), *Thomas v. Estelle*, 603 F.2d 488, 489 (5th Cir. 1979), *Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970) (finding no right for a nonlawyer inmate to represent his illiterate father in a civil action), *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (this rule nevertheless applies even if the prospective litigant executes a contract purporting to allow a laymen to represent her legal interests), *United States v. Wilhelm*, 570 F.2d 461 (3rd Cir. 1978) (same), *Lutz v. Lavelle,* 809 F.Supp. 323, 325 (M.D. Pa. 1991) (same), Rule 83.2.5 of the Local Rules of the United States District Court for the Western District of Louisiana ("[i]n all cases before this court, any party who does not appear in proper person must be represented by a member of the bar of this court . . . ."), and Rule 83.2.1 (The bar of this "court consists of those lawyers admitted to practice before the court who have taken the prescribed oath and signed the roll of attorneys for the district.").

    Yet, Ms. Delgado seeks to bypass these rules by styling the instant pleading as a class action, in which she purportedly will represent the class.

---

³Ms. Delgado attempted to file a § 2255 Motion on behalf of her mother in their criminal case, and at that time was advised that she could not do so. *See* 6:06-60074, rec. doc. 682. Ms. Delgado has also attempted to represent her mother in this action, utilizing a power of attorney. *See* rec. doc. 36 and 42, fn. 2.

Furthermore, to the extent that plaintiff asserts any additional claims not asserted in her three prior complaints, those claims have clearly prescribed, and as such, are frivolous.  *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (when a claim is barred by the applicable statute of limitations, the Court may dismiss the claim as frivolous).

Ms. Delgado was transferred back to a federal facility on March 2, 2012. *See* rec. doc. 9.  Thus, any not previously asserted complained of incident or condition of confinement occurred prior to that date.  The instant pleading is dated March 16, 2013, is postmarked March 18, 2013 and was received by the Clerk of this Court on March 20, 2013, after the expiration of the one year limitation period for filing civil rights actions. *See Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984); *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980) *citing* La. Civ. Code art. 3492.

Finally, it has become apparent to this Court that Ms. Delgado is abusing her privilege to contest the conditions of her confinement by engaging in what appears to be "recreational litigation."  She has filed, and continues to submit for filing, numerous motions, lengthy pleadings and attachments thereto, thereby monopolizing this Court's scarce judicial resources.  This is exactly the kind of abuse that Congress has sought to deter.  *See  Carson v. Johnson*, 115 F.3d 818, 822 (5th Cir. 1997) *citing Gabel v. Lynaugh*, 835 F.2d 124, 125 n. 1 (5th Cir. 1988) (per curiam) ("*pro se* civil rights litigation has become a recreational activity for state prisoners") and the PLRA.

Accordingly, until this Court is able to complete its statutorily required review of Ms. Delgado's claims, **the Clerk** is hereby instructed **not** to accept any further filings from Ms. Delgado in this action which have not been specifically requested by this Court.

For the above reasons;

**IT IS ORDERED** that leave of court to file the Third Amended Complaint is **DENIED**;

**IT IS FURTHER ORDERED** that the proposed pleading is hereby **STRICKEN FORM THE RECORD**.

In Chambers, Lafayette, Louisiana April 2, 2013, Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE