UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**MARIA AIDE DELGADO**                  **CIVIL ACTION NO. 6:12-cv-0347**
     **FED. REG #68452-179**
**VS.**                                                          **SECTION P**

                                                                                     **JUDGE HAIK**

**UNITED STATES MARSHAL**            **MAGISTRATE JUDGE HILL**

## REPORT AND RECOMMENDATION

Before the Court is *pro se* plaintiff Maria Aide Delgado's Motion to Proceed in *forma pauperis* on Appeal. [rec. doc. 59].

Under 28 U.S.C. § 1915(a)(3) and FRAP 24(a)(2) and (3)(A), the district court may deny IFP status on appeal, even though IFP was granted for filing the complaint in the district court, when the court "certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification. . . ." *See also Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir. 1997); *Pohl v. Thaler*, 429 Fed. App'x 408, 409 (5th Cir. 2011) (unpublished). "[W]hen the underlying claims . . . [are] entirely frivolous and [have] no possibility of success," the appeal is not taken in good faith. *Baugh*, 117 F.3d at 201–02.

Moreover, if the district court finds no "legal points arguable on their merits," then an appeal is not taken in "good faith." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), *reh'g denied*, 719 F.2d 787 (5th Cir. 1983); *Pohl,* 429 Fed. App'x at 409.[1] To comply

---

[1] *See also Wai Leung Chu v. United States*, 353 Fed. Appx. 952, 953 (5th Cir. 2009) (*per curiam*); *Groden v. Kizzia*, 354 Fed. Appx. 36, 36 (5th Cir. 2009) (*per curiam*); *Walton v. Valdez*, 340 Fed. Appx. 954, 955 (5th Cir. 2009) (*per curiam*).

with Rule 24 and to inform the Court of Appeals of the reasons for its certification, a district court may incorporate by reference its order dismissing an appellant's claims. *Baugh*, 117 F.3d at 202 n. 21.

Delgado was granted leave to proceed in this Court in *forma pauperis.* [rec. doc. 12]. However, given the vexatious and convoluted procedural history of this case[2], the numerous frivolous motions and amendments to her pleadings filed by Delgado evidencing that Delgado is clearly engaging in "recreational litigation"[3] (the abuse that Congress sought to deter in enacting the PLRA[4]), the non-meritorious nature of Delgado's claims, all of which were ultimately dismissed for lack of jurisdiction for failure to exhaust administrative remedies under § 2675(a) of the FTCA[5], as frivolous and as failing to state claims upon which relief could be granted under 28 U.S.C. § 1915(e)(2)(B)(i) and

---

[2]The entire procedural history is recounted in the undersigned's Report and Recommendation. [rec. doc. 51]. What began as an injunction action against the United States Marshal (which insofar as the action arose under the FTCA was dismissed), was then essentially converted into a civil rights damages action against officials of the Iberia Parish Jail (Sheriff Ackel, Warden Hayes and Captain Hayes) in which Ms. Delgado complains about the conditions of her brief confinement at the facility beginning February 1, 2012 and ending March 2, 2012, while awaiting the trial of her brother, Antonio Luna Valdez, Jr., in which she was to testify. Delgado also attempted to join her mother, Sabina Luna Valdez, who was transported with Delgado to the IPJ, which request was denied, as was her request to re-style her lawsuit as a class action.

[3]*See Carson v. Johnson*, 112 F.3d 818, 822 (5th Cir. 1997) *citing Gabel v. Lynaugh*, 835 F.2d 124, 125 n. 1 (5th Cir. 1988) (*per curiam*) ("*pro se* civil rights litigation has become a recreational activity for state prisoners").

[4]*See e.g.* rec. docs. 13, 14, 20, 22, 23, 34, 37, 38, 40, 41, 43, 44, 45, 46 and 48.

[5]*See* rec. docs. 24 and 33.

(ii)[6], it is clear that Delgado's appeal is not taken in good faith.  Indeed, given the resolution of this case, any appeal by Delgado would be premised upon frivolous claims and legal points not arguable on the merits that have no possibility of success.

Therefore, the undersigned recommends that this Court certify that Delgado's appeal is not taken in good faith  under 28 U.S.C. § 1915(a)(3) and Rule 24(a) of the Federal Rules of Appellate Procedure and accordingly, that Delgado not be permitted to proceed in *forma pauperis* on appeal.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

---

[6]*See* rec. docs. 51 and 52.

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, this 14th day of October, 2014.

*C. Michael Hill*

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE